```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DARRYL V. CONQUEST, | CIVIL ACTION NO. 07-2125 (MLC) |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. |  |
| GREG HAYMAN, et al., |  |
| Defendants. |  |

Plaintiff, Darryl V. Conquest, a New Jersey state prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this action under 42 U.S.C. § 1983 for compensatory and punitive damages, against numerous state government officials purportedly acting under color of state law. Plaintiff failed to pay the $350 filing fee, and did not submit an application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

A prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee. 28

U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10, until the $350 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the complaint for any of these reasons, 28 U.S.C. § 1915 does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff here failed to either pay the $350 filing fee, or submit an in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), that contains his six-month institutional account statement as prescribed under 28 U.S.C. § 1915(a)(2).

**IT IS THEREFORE** on this        14th        day of May, 2007;

**ORDERED** that Plaintiff's application to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** the action, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the action is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, **BY JUNE 15, 2007**; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence *and* six-month prison account statement, or (2) the $350 filing fee; and it is further

3

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this action, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this action; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

                                      s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge