**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARRYL V. CONQUEST, | : | CIVIL ACTION NO. 07-2125 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| GREG HAYMAN, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

Pro se plaintiff, Darryl V. Conquest, brought this action, pursuant to 42 U.S.C. § ("Section") 1983, against Greg Hayman ("Hayman"), Michelle R. Ricci ("Ricci"), Donald Mee ("Mee"), Alfred Kandell ("Kandell"), Captain Ortiz ("Ortiz"), Dena Farber ("Farber"), and Lieutenant Jones ("Jones"), on May 7, 2007. (Dkt. entry no. 1, Compl.)  Hayman, Ricci, Mee, Kandell, Ortiz, and Jones now move to dismiss the claim concerning due process under the Fourteenth Amendment insofar as asserted against them pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) ("First Motion").  (Dkt. entry no. 16.)  Defendant Farber separately moves to dismiss the claim concerning due process under the Fourteenth Amendment insofar as asserted against her on the same grounds ("Second Motion").  (Dkt. entry no. 23.)[1]

---

[1] Although Farber separately moves to dismiss, the arguments made in the Second Motion papers appear to be identical to those made in the First Motion papers.  Thus, the Court will refer to the moving parties collectively as "defendants" here.

Plaintiff opposes the First Motion.  (Dkt. entry no. 24.)  The
Court determines these separate motions on briefs without an oral
hearing, pursuant to Rule 78(b).  For the reasons stated herein,
the Court will deny the separate motions.

### BACKGROUND

Plaintiff is incarcerated in New Jersey State Prison
("NJSP").  (Compl.)  He has been assigned to the Management
Control Unit ("MCU") of NJSP since 1996.  (Dkt. entry no. 16,
First Mot. Br., at 1.)  An inmate is placed in the MCU only under
certain circumstances.  N.J.A.C. § 10A:5-2.5.[2]  A formal review
of each inmate placed in MCU must be made every three months by
the MCU Review Committee ("MCURC").  N.J.A.C. § 10A:5-2.10(a).
Further, the Department of Corrections is to conduct a hearing at

_____

[2] An inmate is assigned to MCU if the inmate poses a
substantial threat (1) to the safety of others, (2) of damage to
or destruction of property, or (3) of interrupting the operation
of a state correctional facility.  N.J.A.C. § 10A:5-2.5.  A
number of criteria are considered when making this determination,
including, inter alia, (1) the inmate's disciplinary records, (2)
past criminal offenses, (3) the number and location of past
institutionalizations, (4) reports by professional staff, (5)
reports indicating present involvement in criminal activity in
the community or within the correctional facility, (6) evidence
of an attitude indicating an unwillingness to follow rules and
obey orders, (7) inability to maintain a satisfactory work record
as indicated in reports by work supervisors or frequency of job
changes, (8) information indicating unsatisfactory adjustment to,
or performance in, treatment or rehabilitative programs, and (9)
evidence of the inability or unwillingness to house with other
inmates in a nondisruptive and nondestructive manner.  N.J.A.C. §
10A:5-2.4.

least once a year to determine whether an inmate's release from MCU would be appropriate.  N.J.A.C. § 10A:5-2.11(a).  At this hearing, the inmate has the burden of showing that the inmate should be released from MCU.  N.J.A.C. § 10A:5-2.11(b).[3]  The Department of Corrections then has the burden of putting forth substantial evidence that the inmate should still remain in MCU. N.J.A.C. § 10A:5-2.11(c).

The MCURC conducted a formal review of plaintiff in February 2007, and decided to continue his placement in MCU in March 2007. (Compl.)  Plaintiff asserts that he thereafter appealed this decision and requested an annual review hearing in a letter to Ricci.  (Id.)  Ricci upheld the MCURC decision and noted that plaintiff's annual review would be scheduled by MCURC "as soon as possible."  (Id.)  Plaintiff then received written notice of a decision concerning his annual review hearing on April 3, 2007, noting MCURC's decision to continue his placement in MCU after considering, inter alia, plaintiff's evidence and testimony "at his Annual Review".  (Id.)  However, plaintiff asserts that defendants conducted a "sham" annual review hearing, as he (1) did not attend the annual review, (2) was not aware that it had

_____

[3] Evidence thereof includes (1) participation in required programs, jobs, educational, and recreational programs, (2) compliance with criteria detailed by the MCURC, (3) no participation in certain prohibited acts for a year, and (4) agreement to reaffirm the obligation to adhere to prison rules and regulations for inmate behavior.  N.J.A.C. § 10A:5-2.11(b).

occurred, and thus (3) did not provide any evidence or testimony as required under N.J.A.C. § 10A:5-2.11(b).  (Id.)  Plaintiff also alleges that this annual review was deficient because it was apparently conducted by MCURC, and not the Department of Corrections, as required by N.J.A.C. § 10A:5-2.11(a).  (Id.) Further, plaintiff points out that the substance of the written notice of decision of the annual review is the same as a written notice of decision of a routine review conducted in December 2006.  (Id.)

The complaint, inter alia, asserts claims under the United States Constitution and seeks various forms of relief, including release from MCU into the general population of NJSP and monetary damages.  (Id.)  The Court dismissed plaintiff's Fourteenth Amendment equal protection and Eighth Amendment claims, pursuant to 28 U.S.C. § 1915A(b)(1), because they failed to state a cognizable claim upon which relief could be granted.  (Dkt. entry no. 7, 10-17-07 Op., at 13-14.)  Plaintiff's Fourteenth Amendment due process claim, however, was permitted to proceed.  (Id. at 14.)

Defendants now move to dismiss the Fourteenth Amendment due process claim pursuant to Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction, as plaintiff is challenging a final decision of a state agency, and New Jersey Court Rule 2:2-3(a)(2) "makes clear that the Appellate Division has the sole

4

original jurisdiction over appeals of agency decisions."  (First
Mot. Br., at 4-6; dkt. entry no. 23, Second Mot. Br., at 4-6.)
Further, defendants also argue the Court should decline to
exercise jurisdiction under the doctrine of abstention.  (Dkt.
entry no. 20, First Mot. Reply Br., at 2-4; Second Mot. Br., at
6-8.)  Plaintiff argues that, inter alia, this Court has
jurisdiction because he asserts his claims pursuant to Section
1983.  (Dkt. entry no. 24, Pl. Br., at 5.)[4]

**DISCUSSION**

**I.   Legal Standards**

**A.   Rule 12(b)(1) Standard**

A defendant may move to dismiss a claim for lack of subject
matter jurisdiction under Rule 12(b)(1) at any time.
Fed.R.Civ.P. 12(b)(1); Iwanowa v. Ford Motor Co., 67 F.Supp.2d
424, 437-38 (D.N.J. 1999).  The defendant may facially challenge

---

[4] Defendants also state that plaintiff "had the opportunity
to appeal the decision [to keep plaintiff in MCU] to the
Administrator of NJSP, or her designee."  (First Mot. Br., at 6;
Second Mot. Br., at 6.)  Defendants have not, however, raised the
affirmative defense of a failure to exhaust administrative
remedies under the Prison Litigation Reform Act ("PLRA") at this
juncture.  See Jones v. Bock, 127 S.Ct. 910, 921 (2007) (holding
that failure to exhaust administrative remedies is an affirmative
defense).  Thus, the Court will not address the application of
the PLRA here.  The Court notes however, that an appeal to the
Appellate Division pursuant to New Jersey Court Rule 2:2-3(a)(2)
is not necessary to exhaust administrative remedies under the
PLRA.  Jenkins v. Morton, 148 F.3d 257, 259 (3d Cir. 1998);
Marcano v. Lombardi, No. 02-2666, 2005 WL 3500063, at *6 (D.N.J.
Dec. 20, 2005) (citation omitted).

subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction. Id. at 438. Under this standard, the Court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint. Iwanowa, 67 F.Supp.2d at 438. Under this standard, "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdictional claims." Pashun v. Modero, No. 92-3620, 1993 U.S. Dist. LEXIS 7147, at *6 (D.N.J. May 26, 1993). The Court may consider affidavits, depositions, and testimony to resolve factual issues and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Iwanowa, 67 F.Supp.2d at 438. The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198,

6

200 (3d Cir. 1990) (explaining that a defendant may factually attack subject matter jurisdiction before filing an answer); see Pashun, 1993 U.S. Dist. LEXIS 7147, at *6.

**B.   Burford Abstention**

The abstention doctrine is a narrow and extraordinary exception to the Court's obligation to exercise its jurisdiction and adjudicate controversies properly before it.  Rucci v. Cranberry Twp., 130 Fed.Appx. 572, 576 (3d Cir. 2005). Accordingly, abstention is only appropriate under certain limited circumstances, and the party arguing in favor of abstention bears a heavy burden of persuasion when arguing in favor of it.  Hi Tech Trans, LLC v. N.J. Dep't of Envtl. Prot., 382 F.3d 295, 303 (3d Cir. 2004); Capital Bonding Corp. v. N.J. Sup. Ct., 127 F.Supp.2d 582, 591 (D.N.J. 2001).

One such circumstance was articulated in Burford v. Sun Oil Co., 319 U.S. 315 (1943).  Under Burford, "a district court may decline to exercise or postpone jurisdiction, even diversity jurisdiction, 'where a difficult question of state law is presented which involves important state policies or administrative concerns.'"  Rucci, 130 Fed.Appx. at 577 (citations omitted).  Abstention under Burford requires a two-step analysis.  Hi Tech Trans, LLC, 382 F.3d at 304.  First, the Court must decide whether timely and adequate state law review of the claims asserted is available.  Id.  If such review is

7

available, the Court must examine whether (1) the particular regulatory scheme involves a matter of substantial public concern, (2) the scheme is the sort of complex, technical regulatory scheme to which the Burford abstention doctrine usually is applied, and (3) federal review of the claims asserted would interfere with the state's efforts to establish and maintain a coherent regulatory policy.  Id.

## II.  Legal Standards Applied Here

### A.  Subject Matter Jurisdiction

The Court does have subject matter jurisdiction here over plaintiff's Section 1983 claims.  "It is well established that this Court has federal question jurisdiction over [Section] 1983 claims."  Bagley v. Balicki, No. 05-3990, 2006 WL 2805275, at *2 (D.N.J. Sept. 28, 2006).  New Jersey Court Rule 2:2-3(a)(2) provides, inter alia, that appeals may be taken as of right "to review final decisions or actions of any state administrative agency or officer".  N.J.Ct.R. 2:2-3(a)(2).  Nothing in that rule provides that this Court lacks subject matter jurisdiction over plaintiff's Section 1983 claim simply because judicial review in state court also is available.  See id.  Further, defendants fail to point to any case law construing New Jersey Court Rule 2:2-3(a)(2) in this manner.  (See First Mot. Br.; Second Mot. Br.)  Moreover, at least one court has held this interpretation to be without merit.  See Bagley, 2006 WL 2805275, at *1-*2 (denying

8

defendant's motion to dismiss, stating that such an assertion "ignores the tenets of federalism, and is completely without merit.").

**B.   Abstention**

Defendants also assert that the Court should abstain from exercising jurisdiction under the Burford abstention doctrine. (See First Mot. Reply Br., at 2-4; Second Mot. Br., at 6-8.) Specifically, they argue that Burford abstention is appropriate here because (1) timely and adequate state-court review is available, (2) important state policies concerning "the safety and security of inmates within the custody and control of the New Jersey Department of Corrections" are at stake here, and (3) the Court's exercise of jurisdiction here would be "disruptive of state efforts to establish a coherent policy with respect to how the state exercises its discretion over state inmates and the tremendous task of maintaining the safety and security of those within the State's custody."  (First Mot. Reply Br., at 3-4; Second Mot. Br., at 7-8.)

Abstention under the Burford doctrine is not appropriate here.  First, it is unclear whether timely and adequate state law review of plaintiff's claims is available.  See Hi Tech Trans, LLC, 382 F.3d at 304.  A party must appeal from a decision of a state agency to the Appellate Division pursuant to New Jersey Court Rule 2:2-3(a)(2) within forty-five days from the date of

9

service of the decision or notice of the action taken.  N.J.Ct.R.
2:4-1(b).  This time limit may be tolled in certain
circumstances, none of which appear to be applicable here, nor
are argued by defendants as applicable here.  See N.J.Ct.R. 2:4-
3.  (See First Mot. Br.; First Mot. Reply Br.; Second Mot. Br.)

        The time within which an appeal may be taken also may be
extended, upon a showing of good cause and the absence of
prejudice "for a period not exceeding 30 days".  N.J.Ct.R. 2:4-4.
Plaintiff received the notice of decision of his annual review
hearing on April 3, 2007.  (See Compl.)  Thus, at most, plaintiff
would have had seventy-five days past this date to appeal to the
Appellate Division pursuant to New Jersey Court Rule 2:2-3(a)(2).
See N.J.Ct.R. 2:4-4.  That time period has since expired.
Although defendants state that "[p]laintiff could file a motion
with the Appellate Division seeking relief to file his appeal out
of time setting forth the procedural history of this matter as
the exceptional circumstances to warrant filing the appeal out of
time", they do not point to any specific New Jersey Court Rule
that would permit plaintiff to do that.  (See First Mot. Reply
Br., at 3; Second Mot. Br., at 7.)

        Even if timely and adequate state law review of plaintiff's
claims were available here, the second step of the Burford
analysis does not weigh in favor of abstention.  There is a
strong state interest in internal prison administration.  Torres

10

v. Fauver, 292 F.3d 141, 144 n.2 (3d Cir. 2002).  However, the
regulatory scheme pertaining to custody in MCU is not the sort of
complex, technical regulatory scheme to which the Burford
abstention doctrine usually is applied.  See Hi Tech Trans, LLC,
382 F.3d at 304; Wash. Twp. Bd. of Educ. v. Davy, No. 07-968,
2007 WL 2990709, at *8 (D.N.J. Oct. 10, 2007) (noting state
regulation of public education funding involved "complex formulas
and interrelated provisions" typical of schemes to which Burford
abstention applicable).  Examples of typical regulatory schemes
where Burford abstention may be appropriate include those related
to land use and insurance.  See Westrum Land Dev. Corp. v.
Whitpain Twp., No. 01-5535, 2002 WL 32351106, at *2 (E.D. Pa.
Oct. 23, 2002) (noting that land use regulation is an area where
Burford abstention is traditionally applied); Ballas v. City of
Reading, No. 00-2943, 2001 WL 73737, at *12 (E.D. Pa. Jan. 25,
2001) (noting application of Burford abstention to cases
involving state regulation of insurance companies and coverage).
Moreover, defendants do not cite to any cases where a court has
abstained from reviewing prison regulations pursuant to Burford.
(See First Mot. Reply Br.; Second Mot. Br.)

     The Court's review of plaintiff's claims here also would not
interfere with the state's efforts to establish and maintain a
coherent regulatory policy.  See Hi Tech Trans, LLC, 382 F.3d at
304.  Plaintiff is not challenging the regulatory scheme here,
nor is he even challenging the individual regulations at issue;

rather, he is alleging that (1) defendants did not abide by certain regulations with regard to his confinement in MCU, and (2) this failure violated the Constitution.  (See Compl.)  The Court's review of these allegations does not constitute interference as articulated within the meaning of the Burford abstention doctrine.  See Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 409-10 (3d Cir. 2005) (noting distinction between federal claim challenging discriminatory actions of government officials in applying state regulations and federal claim challenging validity of state's policies and laws); Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 748 (3d Cir. 1982) (noting that Burford abstention not appropriate where single application of regulations at issue was challenged, rather than policies embodied in regulatory scheme).

### CONCLUSION

The Court, for the reasons stated supra, will deny the separate motions.  The Court will issue an appropriate order.


                              s/ Mary L. Cooper
                         **MARY L. COOPER**
                         United States District Judge
Dated: April 18, 2008


12