UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE

402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

February 13, 2009

**LETTER ORDER**

RECEIVED
FEB 1 8 2009
AT 8:30 ____ M
WILLIAM T. WALSH
CLERK

Re: **Conquest v. Hayman, et al.,**
Civil Action No. 07-2125 (MLC)
**Tillery v. Hayman, et al.,**
Civil Action No. 07-2662 (MLC)
**Stovall v. Hayman, et al.,**
Civil Action No. 07-3062 (MLC)

Dear Counsel and *Pro Se Litigants*:

The Court has received and reviewed your letters dated February 3, 2009, February 7, 2009 and February 8, 2009. The Court notes that Defendants seek to consolidate the above-referenced matters for the purpose of Defendants' depositions only. Defendants argue in favor of this limited consolidation because Plaintiffs have raised the same claims against the same Defendants and there will likely be an overlap in the testimony taken. Defendants also request that the Court require Plaintiffs to appoint one of themselves to represent all of them at the depositions of Defendants so as to avoid the "unnecessary risk to the safety and security of the institution as well as the participants of the depositions[,]" which would be created if "all three of the plaintiffs [were allowed] to attend the depositions." (Def. 2/3/09 Ltr. at 2).

Plaintiffs Darryl Conquest and Major Tillery do not oppose Defendants' request to consolidate the above-referenced matters. Indeed, they argue that the matters should be consolidated,

presumably for all purposes, and that *pro bono* counsel should be appointed for Plaintiffs. Plaintiffs Conquest and Tillery do, however, object to Defendants' request that the Court appoint one plaintiff to represent all of them at Defendants' depositions.

After fully reviewing and considering the parties' arguments, the Court shall consolidate the above-referenced matters for the purpose of Defendants' depositions only. The Court shall not, however, require Plaintiffs to select one representative to conduct the depositions for the other two. Each Plaintiff may, however, waive their right to participate at Defendants' depositions, if he so voluntarily decides. Should any Plaintiff choose to do so, then he may use the deposition testimony taken by the other Plaintiffs in his prosecution of his case. Finally, after considering Plaintiffs' requests for the appointment of counsel under the factors outlined in *Tabron v. Grace*, 6 F.3d 147, 155-157 (3d Cir. 1993) and *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the Court finds that the appointment of *pro bono* counsel is not warranted at this time.

**IT IS SO ORDERED.**

**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**