**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARRYL V. CONQUEST, | : | CIVIL ACTION NO. 07-2125 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| GEORGE HAYMAN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**COOPER, District Judge**

Pro se plaintiff, Darryl V. Conquest, brought this action
pursuant to 42 U.S.C. § 1983 against George Hayman, Michelle R.
Ricci, Donald Mee, Alfred Kandell, Captain Ortiz, Dena Farber,
and Lieutenant Jones, on May 7, 2007. (Dkt. entry no. 1,
Compl.)[1]  Plaintiff, who is incarcerated at New Jersey State
Prison ("NJSP") in Trenton, New Jersey and confined in the
Management Control Unit ("MCU"), now, inter alia, moves (1) in
effect, to reassert in-forma-pauperis status, and (2) for a
temporary restraining order ("TRO") and a preliminary injunction
for his release from the MCU. (Dkt. entry no. 51.)  Defendants
oppose the motion. (Dkt. entry no. 52.)  The Court determines
this motion on briefs without an oral hearing, pursuant to
Federal Rule of Civil Procedure ("Rule") 78(b).  The Court hereby

---

[1]  Defendant George Hayman was improperly pled as Greg
Hayman in the Complaint.  (See dkt. entry no. 16.)

issues its findings of fact and conclusions of law in connection
with plaintiff's motion for a TRO and a preliminary injunction,
as is required by Rule 52.  For the reasons stated herein, the
Court will (1) based on plaintiff's declaration in support, grant
the motion, in effect, to reassert in-forma-pauperis status
pursuant to 28 U.S.C. § 1915(a), and (2) deny plaintiff's motion
to the extent it seeks a TRO and preliminary injunction.

### BACKGROUND AND FACTUAL FINDINGS

Plaintiff is incarcerated in NJSP.  (Dkt. entry no. 51, Pl.
Br. at 1.)  He has been assigned to the MCU of NJSP since 1996.
(Dkt. entry no. 52, Defs. Br. at 1-2.)  An inmate is placed in
the MCU under certain circumstances.  N.J.A.C. § 10A:5-2.5.[2]  A
formal review of each inmate placed in MCU must be made every
three months by the MCU Review Committee ("MCURC").  Id. § 10A:5-

---

[2] An inmate is assigned to MCU if the inmate poses a
substantial threat (1) to the safety of others, (2) of damage to
or destruction of property, or (3) of interrupting the operation
of a state correctional facility.  N.J.A.C. § 10A:5-2.5.  A
number of criteria are considered when making this determination,
including, inter alia, (1) the inmate's disciplinary records, (2)
past criminal offenses, (3) the number and location of past
institutionalizations, (4) reports by professional staff, (5)
reports indicating present involvement in criminal activity in
the community or within the correctional facility, (6) evidence
of an attitude indicating an unwillingness to follow rules and
obey orders, (7) inability to maintain a satisfactory work record
as indicated in reports by work supervisors or frequency of job
changes, (8) information indicating unsatisfactory adjustment to,
or performance in, treatment or rehabilitative programs, and (9)
evidence of the inability or unwillingness to house with other
inmates in a nondisruptive and nondestructive manner.  Id. §
10A:5-2.4.

2.10(a).  Further, the Department of Corrections is to conduct a
hearing at least once a year to determine whether an inmate's
release from MCU would be appropriate.  Id. § 10A:5-2.11(a).  At
this hearing, the inmate has the burden of showing that the
inmate should be released from MCU.  Id. § 10A:5-2.11(b).[3]  The
Department of Corrections then has the burden of putting forth
substantial evidence that the inmate should still remain in MCU.
Id. § 10A:5-2.11(c).

     The MCURC conducted a formal review of plaintiff in February
2007, and decided to continue his placement in MCU in March 2007.
(Pl. Br. at 9.)  Plaintiff asserts that he thereafter appealed
this decision and requested an annual review hearing in a letter
to Ricci.  (Id.)  Ricci upheld the MCURC decision and noted that
plaintiff's annual review would be scheduled by MCURC "as soon as
possible."  (Id.)  Plaintiff then received written notice of a
decision concerning his annual review hearing on April 3, 2007,
noting MCURC's decision to continue his placement in MCU after
considering, inter alia, plaintiff's evidence and testimony "at
his Annual Review."  (Id.)  Plaintiff, however, asserts that
defendants conducted a "bogus" and "phantom" annual review

_____

     [3] Evidence thereof includes (1) participation in required
programs, jobs, and educational and recreational programs, (2)
compliance with criteria detailed by the MCURC, (3) no
participation in certain prohibited acts for a year, and (4)
agreement to reaffirm the obligation to adhere to prison rules
and regulations for inmate behavior.  N.J.A.C. § 10A:5-2.11(b).

hearing, as he (1) did not attend the annual review, (2) was not aware that it had occurred, and thus (3) did not provide any evidence or testimony as required under N.J.A.C. § 10A:5-2.11(b). (Id. at 2, 12.)  Plaintiff also alleges that "the MCURC decision fabricates a 'lie' to report that he attended said hearing, and had the opportunity to present evidence or testimony."  (Id. at 9; see id. at 12.)  He further asserts that there is "some evidence that an 'unofficial silence' surrounds the defendant's [sic] injurious actions" against him because he (1) has met all criteria established as predicates for release from the MCU,[4] and (2) previously brought an action against two senior NJSP officials for assault and the use of excessive force.  (Dkt. entry no. 51, Pl. Aff. ¶¶ 6-7.)[5]

### CONCLUSIONS OF LAW

Defendants argue that plaintiff is not entitled to the extraordinary remedy of a TRO and a preliminary injunction because plaintiff has not established that (1) he will be

---

[4]  Plaintiff contends he has (1) been free from disciplinary infractions for 10 years, (2) completed all the mandated programs by the MCURC, (3) been assigned to "Phase III of the MCU Step-Program," (4) readjusted his conduct, both "behavioral and attitudinal," and (5) shown "cooperation and respect for authority."  (Pl. Aff. ¶ 6; see Pl. Br. at 10.)

[5]  Plaintiff alleges that he is the victim of (1) "[s]ilent codes" that "shape both the conduct and attitudes . . . even in the most well meaning fraternity," and (2) "[g]rudges held by prison official's [sic] [that] are passed down just as they are other [sic] fraternities."  (Pl. Aff. ¶ 10.)

irreparably harmed if injunctive relief is not granted, (2) the
legal remedies available to him are inadequate, or (3) he is
likely to succeed on the merits of his claims that he has been
denied annual review hearings of his MCU placement.  (Defs. Br.
at 4-5.)  The Court finds that plaintiff has not satisfied the
elements required for a TRO and a preliminary injunction, and
thus, the Court will deny the motion to the extent it seeks such
relief.  The findings and conclusions set forth in this opinion
are preliminary only, based upon the state of the record at this
stage in the litigation.  See Fed.R.Civ.P. 65(a).  The parties
have preserved all rights to present their disputes to a fact-
finder if the action proceeds in this Court.

I.   **Legal Standards Governing TROs and Preliminary Injunctions**

     Injunctive relief is an "extraordinary remedy, which should
be granted only in limited circumstances."  Novartis Consumer
Health v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d
578, 586 (3d Cir. 2002) (quotation and citation omitted).  To
obtain such interim relief, a movant must demonstrate both a
likelihood of success on the merits and the probability of
irreparable harm absent the injunction.  Frank's GMC Truck Ctr.
v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).  Thus, in
determining whether to issue a preliminary injunction, the Court
must consider whether (1) the movant has shown a reasonable
probability of success on the merits, (2) the movant will be

irreparably injured by denial of the relief, (3) granting the preliminary relief will result in even greater harm to the nonmoving party, and (4) granting the preliminary relief is in the public interest.  ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996); AT&T Co. v. Winback & Conserve Program, 42 F.3d 1421, 1427 (3d Cir. 1994); see NutraSweet Co. v. Vit-Mar Enters., 176 F.3d 151, 153 (3d Cir. 1999).  The Court should issue an injunction "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief."  AT&T Co., 42 F.3d at 1427 (citation omitted); see NutraSweet Co., 176 F.3d at 153 (noting that a plaintiff's failure to establish any one of the four elements renders a preliminary injunction inappropriate).

   **A.   Reasonable Probability of Success on the Merits**

   The party seeking a preliminary injunction must demonstrate a "reasonable probability of eventual success in the litigation." Bennington Foods LLC v. St. Croix Renaissance Group, LLP, 528 F.3d 176, 179 (3d Cir. 2008) (quotation and citation omitted). In evaluating whether a movant has satisfied this first part of the preliminary injunction standard, "[i]t is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather, the burden is on the party seeking relief to make a prima facie case showing a reasonable

probability that it will prevail on the merits." <u>Oburn v. Shapp</u>, 521 F.2d 142, 148 (3d Cir. 1975).

**B.   Irreparable Injury**

"In general, to show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  Economic loss does not constitute irreparable harm." <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994) (citations and quotations omitted). "Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of good will." <u>Kos Pharms. v. Andrx Corp.</u>, 369 F.3d 700, 726 (3d Cir. 2004) (quotation and citation omitted).  Further, irreparable harm must be of a peculiar nature and incapable of pecuniary measurement.  <u>See</u> <u>id.</u> at 727.  More than a mere risk of irreparable harm must be demonstrated; rather, there must a clear showing of immediate irreparable injury or a currently existing actual threat.  <u>Cont'l Group v. Amoco Chems. Corp.</u>, 614 F.2d 351, 359 (3d Cir. 1980). An injunction "may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." <u>Id.</u> (quotation and citation omitted).

**C.   Harm to Nonmoving Party**

The Court must also analyze whether the defendant will suffer irreparable harm if the preliminary injunction is granted. <u>Kos Pharms.</u>, 369 F.3d at 727.  If the Court finds that such

temporary relief may irreparably harm the defendant, then it must "balance the hardships" to ensure that the injunction does not harm the defendant more than denial of the injunction would harm the plaintiff.  Id.; see also Constr. Drilling, Inc. v. Chusid, 63 F.Supp.2d 509, 513 (D.N.J. 1999) (stating that courts must "balance the hardships to the respective parties" in determining whether to issue a preliminary injunction).

### D.   The Public Interest

The public interest will almost always favor the plaintiff, if the plaintiff demonstrates both a likelihood of success on the merits and irreparable injury.  AT&T Co., 42 F.3d at 1427 n.8.

## II.  Legal Standards Applied Here

Defendants argue that plaintiff cannot show that he will sustain irreparable harm absent injunctive relief because "plaintiff's own evidence reveals that he received an annual review hearing of his MCU placement on April 3, 2007." (Defs. Resp. at 5.)  Defendants also argue that "[i]f plaintiff disputes the legitimacy of the annual review hearing, he has adequate legal remedies to address his claim," and emphasize that they "have a clear interest in maintaining the safety and security of the inmates at the NJSP, as well as the NJSP facility and staff, and they are in the best position to determine whether an inmate should be confined in the MCU." (Id. at 4-5.)  Defendants further assert that plaintiff cannot show that he is likely to

8

succeed on the merits of his claims, <u>inter</u> <u>alia</u>, that he has been denied the right to participate in an annual review hearing, or that the balancing of equities weighs in favor of injunctive relief. (<u>Id.</u> at 5-6.)  The Court finds that injunctive relief is inappropriate because plaintiff has failed to show that he will be irreparably harmed absent injunctive relief.

Plaintiff's application for injunctive relief stems from his continued confinement in the MCU. (See Pl. Aff. ¶¶ 6-10.) Plaintiff argues that he is likely to suffer future harm because defendants refuse "to adhere to written policy by substituting a pattern or custom of officially sanctioned behavior," and such harm is irreparable because he is "subject[ed] to indefinite confinement in segregation." (Pl. Br. at 7.)  The evidence submitted by plaintiff, however, reveals that he received an annual review hearing of his MCU placement on April 3, 2007. (Defs. Br. at 5.)  Plaintiff has presented no legitimate evidence that defendants have departed from the statutorily designated procedures for holding such hearings. (See Pl. Br.; Pl. Aff.) He also has presented no evidence to support his claims that the annual review hearings conducted were a "sham," or that there is an "unofficial silence," "secret code," or "grudge held by prison officials" surrounding his confinement. (<u>See</u> Pl. Br.; Pl. Aff.) Plaintiff further has offered no proof that the legal remedies available to him to dispute the legitimacy of the annual review hearing are inadequate. (<u>See</u> Pl. Br.; Pl. Aff.)

The Court thus finds that plaintiff has not demonstrated he will be irreparably harmed without the requested injunctive relief.  See Cont'l Group, 614 F.2d at 359 (requiring a clear showing of immediate irreparable injury or a currently existing actual threat for injunctive relief); see also Anderson v. Davila, 125 F.3d 148, 163-64 (3d Cir. 1997) (stating injunctive relief is inappropriate where movant cannot show harm is ongoing or that there is a real or immediate threat of its reappearance in the near future); Bacon v. Taylor, 419 F.Supp.2d 635, 638 (D. Del. 2006) (finding no irreparable injury where prisoner did not allege that he had been irreparably injured and made only vague and conclusory allegations about possible future harm).

It is unnecessary for the Court to address the remaining factors in the injunctive relief analysis.  To obtain injunctive relief, the movant must show that all four factors favor injunctive relief.  AT&T Co., 42 F.3d at 1427.  The movant's failure to establish any one of the four factors renders injunctive relief improper.  See NutraSweet Co., 176 F.3d at 153.  Here, plaintiff cannot establish irreparable harm absent an injunction.  Thus, even if plaintiff shows that the remaining factors favor injunctive relief, such relief is inappropriate because of plaintiff's failure to show irreparable harm.  See Frank's GMC Truck Center, 847 F.2d at 102 (stating that injunctive relief cannot be granted where movant has not

demonstrated probability of irreparable harm); <u>Carabello v.
Beard</u>, 468 F.Supp.2d 720, 726 (E.D. Pa. 2006) (emphasizing that
movant's "[f]ailure to establish . . . irreparable harm warrants
denial of the extraordinary remedy of a preliminary injunction").

### CONCLUSION

The Court, for the reasons stated <u>supra</u>, will (1) grant
plaintiff's motion, in effect, to reassert in-forma-pauperis
status, and (2) deny plaintiff's motion to the extent it seeks a
TRO and a preliminary injunction.  The Court will issue an
appropriate order.


                              ___s/ Mary L. Cooper____
                              **MARY L. COOPER**
                              United States District Judge


Dated: April 23, 2009